# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10837

United States Court of Appeals
Fifth Circuit

**FILED**
May 7, 2020

Lyle W. Cayce
Clerk

JEREMY FARMER,

      Plaintiff - Appellant

v.

TURN KEY INSTALLATION, L.L.C.;
MATTHEW CHAYER, individually,

      Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC 4:18-CV-851

Before JONES, ELROD, and HIGGINSON, Circuit Judges..

PER CURIAM:*

Appellant Jeremy Farmer (Farmer) timely appeals the district court's order granting Turn Key Installation, LLC's ("Turn Key") and Matthew Chayer's ("Chayer") (collectively "Defendants") motion for summary judgment. We AFFIRM.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10837

**I.**

Turn Key provides commercial installation services such as installing automation and conveyor equipment within an office building. Chayer and Brad Hager ("Hager") are Turn Key's co-owners. As part of its operations, Turn Key hires independent contractors like Farmer. Farmer was hired in December 2017 as a steel laborer for a conveyer belt project within a United Parcel Service ("UPS") facility in Texas. He was promoted to crew leader one month later.

According to his affidavit, shortly after being hired, Hager informed Farmer that he would eventually become a Turn Key employee. Farmer began recruiting other contractors to Turn Key, relaying Hager's message regarding the re-classification because it would provide independent contractors with "overtime pay, health insurance benefits, and other employee benefits." Farmer later discussed the classification plans with Turn Key's human resources department, and he was informed that there were no plans to reclassify the contractors as Turn Key employees. Farmer then brought this employee classification issue (and other concerns) to Chayer's attention, but Chayer "brushed off" Farmer's inquiries.

On March 28, 2018, Farmer called a lawyer to seek counsel regarding his and his co-workers' misclassification status. Several minutes after making this call, Farmer's foreman questioned Farmer as to what he was doing, and Farmer told the foreman he was speaking with an attorney about his rights as an independent contractor. That same day, Chayer and Turn Key's human resources department called Farmer and terminated him because his services were no longer needed.

Affidavits submitted by the appellees state that during his tenure with Turn Key, Farmer exhibited disrespectful and aggressive behavior to his co-workers and management, including Chayer. In one instance Farmer got into

2

a fight with a co-worker and law enforcement had to be called. Appellees submitted declarations of Farmer's co-workers elaborating on his "negative" and "condescending" attitude toward others.

Farmer denies these allegations (including being involved in an altercation in which the police were called), but he asserts that as a crew leader, he often had to confront his coworkers for being off-task and using drugs on-site.

Chayer asserts that he "decided to terminate Mr. Farmer . . . because of his repeated attitude issues and inappropriate behavior toward other workers, which was affecting their overall morale and the team's overall performance on the project." Chayer also states that Farmer "never made any complaints to [him] about [Farmer's] classification or rights under the [Fair Labor Standards Act] FLSA, and [he is] not aware of him ever making any such complaints to anyone else."

Farmer initiated this action against Appellees for "unlawfully retaliating against Plaintiff for engaging in activity protected under the FLSA." Appellees moved for summary judgment. At issue before the district court was whether Farmer provided raised a genuine fact issue that his termination was retaliatory. The district court found that Appellees' reasons for terminating Farmer were legitimate. It also held that Farmer failed to show that Appellees' reason for his termination were merely pretextual. The court therefore granted summary judgment. This appeal followed.

## II.

We review a district court's grant of a motion for summary judgment de novo. *Thomas v. Tregre*, 913 F.3d 458, 461 (5th Cir. 2019).

To evaluate a FLSA retaliation claim, we may rely on circumstantial evidence under the framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). For a retaliatory termination claim, Farmer must make "a prima

No. 19-10837

facie showing of: (1) participation in a protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action." *Starnes v. Wallace*, 849 F.3d 627, 631–32 (5th Cir. 2017). If Farmer satisfies his burden, the burden shifts to Appellees "to articulate a legitimate nonretaliatory reason" for his termination. *Id.* at 632. If they provide such evidence, the burden shifts back to Farmer to identify evidence of pretext behind the termination.

## III.

The issues before this court are whether the Defendants' articulated a nonretaliatory reason for his termination[1] and whether Farmer presented sufficient evidence of pretext. Farmer's arguments do not warrant reversal.

Farmer first contends that Appellees failed to offer a nonretaliatory reason for his termination because only bare-bones allegations support their decision. This contention is deeply flawed. First, there are six declarations from Turn Key employees, including Chayer, supporting the assertion that Farmer's aggressive attitude negatively affected the workplace. More importantly, Chayer and Turn Key's human resources employee both attested that Farmer was terminated in light of these attitude problems.[2] This evidence satisfies Defendants' burden, shifting it back to Farmer.

---

[1] Like the district court, we assume that Farmer met his initial burden.

[2] Farmer submits that he was never informed that his termination was due to his work behavior. He was simply told that his services were no longer needed. Farmer argues that Appellees' shifting reasons for his termination is evidence of pretext. "The pretext inquiry focuses on the authenticity of the employer's proffered reason [for the adverse action] . . . [but] 'the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose.'" *Nasti v. CIBA Specialty Chems. Corp.*, 492 F.3d 589, 594 (5th Cir. 2007) (quoting *Wright v. West*, 505 U.S. 277, 296 (1992)). Farmer fails to explain how being informed that his services were no longer needed is inconsistent with Appellees' justification regarding his work behavior. Accordingly, we do not find conflicting explanations with regard to this employment decision.

No. 19-10837

Farmer's second argument is that he established a fact issue concerning pretext because his declaration disputes all of Defendants' declarations detailing his insubordination.  Farmer also emphasizes how soon and abruptly he was terminated after making the phone call to a lawyer regarding his classification rights.  Neither contention suffices.

Farmer's affidavit denies that he had a bad attitude or was aggressive to coworkers and claims that some of the allegations against him are false.  However, his affidavit does not challenge several material assertions offered by Appellees.  Even discounting the allegedly false charges, the evidence stands uncontradicted that coworkers complained about his supervision and believed him condescending; that he often yelled at the coworkers; that he refused to do work that his boss had ordered; that he told one employee to leave the premises in contradiction to what the boss ordered; and that there was low morale on the worksite stemming from his conduct.  Moreover, as to the employer's characterization of his bad attitude, "[t]he question is not whether an employer made an erroneous decision; it is whether the decision was made with discriminatory motive.  '[E]ven an incorrect belief that an employee's performance is inadequate constitutes a legitimate, nondiscriminatory reason.'"  *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995).  Farmer, in sum, does not raise a triable fact issue as to whether Appellees had a basis to believe that his negative attitude and behavior harmed his performance and Turn Key's work environment.

The only additional fact Farmer raises in support of his allegation of pretext is the temporal proximity between the protected activity and his termination.  It is well established, however, that "temporal proximity standing alone is insufficient to establish an issue of fact as to pretext after an employer has provided a non-retaliatory reason."  *Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 487 (5th Cir. 2008); s*ee also Roberson v. Alltel Info.*

No. 19-10837

*Serv.*, 373 F.3d 647, 656 (5th Cir. 2004) ("[w]ithout more than timing allegations . . . summary judgment in favor of [the defendant] was proper.").

Because Farmer fails to meet his burden of submitting evidence of pretext challenging the legitimacy of his termination, his retaliation claim was correctly dismissed.

Accordingly, the judgment is **AFFIRMED**.